**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMOS HASON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT-LOS ANGELES SHERIFF,<br><br>　　　　Respondents. | Case No. CV 14-8446-SVW (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Under 28 U.S.C. § 636, the Court has reviewed de novo the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. On January 11, 2016, Petitioner filed Objections to the R&R, and on January 22, he filed supplemental objections.[1]

In his Objections, Petitioner argues that his Petition should not be dismissed under Younger v. Harris, 401 U.S. 37, 45-46 (1971), because even though the state "offers an opportunity to litigate federal constitutional issues," the "police will make such option of maintaining a civil claim . . . impossible"

---

[1] On February 4, 2016, Petitioner filed a document titled "Updating and Information," in which he complains about deputies' transferring him to a different "pod" in the jail. None of those allegations are relevant to whether his Petition should be dismissed under Younger v. Harris, 401 U.S. 37, 45-46 (1971).

(Objections at 13), and the state judges have a pattern of "deliberate[ly]" violating his rights (id. at 6-8) and employing "outrageous methods of fraud" (id. at 10). But as noted in the R&R (R&R at 10-11), the bad-faith and harassment exceptions to Younger abstention are narrow and require more than conclusory allegations, which is all that Petitioner has offered. In the remainder of his Objections, Petitioner mostly argues the merits of his claims, asserts that he was never incompetent, and describes events at court or in jail that postdate the filing of his Petition. None of those contentions undermine the R&R's finding that his claims are barred by Younger.

In his supplemental objections, Petitioner appears to challenge the Superior Court Appellate Division's September 25, 2015 memorandum judgment and November 25, 2015 remittitur affirming the judgment in Los Angeles County Superior Court case number 4PY02061. (See generally Supp. Objections.) Specifically, Petitioner argues that in rendering its decision, the Appellate Division "reviewed an evidently alter[]ed trial transcript." (Id. at 2.) But Petitioner nowhere raised that claim in his Petition — indeed, it was filed on October 30, 2014, nearly a year before the Appellate Division issued its opinion. And as noted in the R&R (R&R at 7 n.5), Petitioner mentioned case number 4PY02061 in his Petition only briefly, stating that his release date in that case "constantly changes." In any event, Petitioner hasn't shown that he exhausted any claim relating to his conviction or the execution of his sentence in case number 4PY02061 by raising it to the state courts. (See R&R at 7 n.5 (finding that Petitioner had not sufficiently alleged that he

exhausted claim relating to execution of sentence in case no. 4PY02061); Objections at 3 (Petitioner asserting that he had not yet tried to "challenge the execution of his sentence" in case no. 4PY02061)); McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (en banc) (holding that "California misdemeanants" are "not . . . required to file a habeas petition before the state Supreme Court in order to exhaust state court remedies for claims already considered and rejected on direct review" and that in such cases, "[w]hen the Court of Appeal denies transfer, the petitioner will have exhausted his state court remedies").[2] Indeed, Petitioner's counsel apparently filed a Wende[3] brief and thus did not raise any particular issue on appeal (see Supp. Objections), and Petitioner does not claim to have raised the transcript issue in any state habeas petition.

    Having reviewed de novo those portions of the R&R to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge.

---

[2] Petitioner asserts that "[t]here is no higher level of assistance in appealing misdemeanor convictions" beyond an appeal to the Appellate Division (Supp. Objections at 3), but he is incorrect. After the Appellate Division denies a misdemeant's appeal, he may file an application asking it to certify the case for transfer to the court of appeal. Cal. R. Ct. 8.1005. If certification is denied, the misdemeanant can petition the court of appeal directly to accept transfer of the case. Cal. Rs. Ct. 8.1002, 8.1006; McMonagle, 802 F.3d at 1096. A misdemeanant can also raise issues to the state court in a habeas petition. McMonagle, 802 F.3d at 1099 n.1.

[3] Under People v. Wende, 25 Cal. 3d 436 (1979), counsel may file a brief summarizing the history of the case, raising no specific issue on appeal, and asking the court of appeal to conduct an independent review of the record for error. Id. at 441-42; see also Anders v. California, 386 U.S. 738, 744-45 (1967).

1    IT THEREFORE IS ORDERED that the Petition is denied and
2  Judgment be entered dismissing this action.
3
4  DATED: April 4, 2016            _____
5                                  STEPHEN V. WILSON
                                   U.S. DISTRICT JUDGE
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS HASON,<br><br>        Petitioner,<br><br>    v.<br><br>SUPERIOR COURT-LOS ANGELES SHERIFF,<br><br>        Respondents. | Case No. CV 14-8446-SVW (JPR)<br><br>**J U D G M E N T** |

    Pursuant to the Order Accepting Findings and Recommendations of U.S. Magistrate Judge,

    IT IS HEREBY ADJUDGED that this action is dismissed.

DATED: April 4, 2016

STEPHEN V. WILSON
U.S. DISTRICT JUDGE